UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LATANYA PETEET, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:11-cv-431-WTL-MJD |
| | ) |
| AMERITECH SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON DEFENDANT'S MOTION FOR ATTORNEY FEES

Before the Court is the Defendant's motion for attorney fees (Dkt. No. 69). The motion is fully briefed, and the Court, being duly advised, **DENIES** the Defendant's motion.

### I. STANDARD

Pursuant to 28 U.S.C. § 1927, the Court may require "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Likewise, "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).

### II. BACKGROUND

On March 29, 2011, Plaintiff LaTanya Peteet filed suit against Defendant Ameritech Services, Inc. ("Ameritech"), alleging a violation of Title VII of the Civil Rights Action of 1964 in the form of retaliation and a violation of 42 U.S.C. § 1981 in the form of race discrimination as to the terms and conditions of her employment. Specifically, Peteet alleged that, after she filed a charge of race discrimination with the EEOC in 2006, changes were made to her staff

profile, which changes prevented her from being promoted. Peteet also alleged that the terms and conditions of her employment were different than similarly situated white employees.

On March 2, 2012, during Peteet's deposition, her counsel, Joel Paul, agreed to voluntarily dismiss the § 1981 "race claim," as it been had "inadvertently" included in the Complaint. In addition, during Peteet's deposition, she testified that the changes that had been made to her staff profile – a test qualification added in 2010 – had "no effect" on her and that she did not lose any money or benefits as a result of the test qualification being added to her staff profile. Immediately following Peteet's deposition, Ameritech's counsel indicated to Paul his belief that Peteet's Title VII claim was unsupported; Paul replied that Peteet desired to proceed to summary judgment. On March 30, 2012 counsel for Ameritech sent Paul a letter opining that Peteet's case lacked merit and requesting that she voluntarily dismiss her Complaint.

Also on March 30, 2012, Ameritech filed its motion for summary judgment, to which Peteet responded. On August 16, 2012, this Court granted summary judgment, finding that Peteet had not put forth any evidence of a materially adverse employment action suffered in retaliation for her protected activity.

Ameritech now seeks the award of its attorney fees on the ground that Paul's continued pursuit of the case was objectively unreasonable and vexatious. The Court rules as follows.

### III.     DISCUSSION

Sanctions under § 1927 are predicated on unreasonable and vexatious conduct. *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184 (assuming that Congress intended vexatiously to mean something other than unreasonably). "Vexatious" means either subjective or objective bad faith. *Id.* Ordinary negligence does not satisfy the objective bad faith standard; rather, extremely

negligence conduct, like reckless and indifferent conduct, is required. *Id.* In other words, "counsel must have engaged in 'serious and studied disregard for the orderly process of justice.'" *Bender v. Freed*, 436 F.3d 747, 751 (7th Cir. 2006) (citing *Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 226 (7th Cir. 1984)).

Here, Ameritech argues that objective bad faith exists. According to Ameritech, Paul should have known from the outset that the alleged retaliatory act – the addition of a test qualification to Peteet's staff profile – was not materially adverse. However, as the Court explained in its entry on summary judgment, "[t]he Seventh Circuit's approach to determining whether an employment action is materially adverse is a 'flexible, practical' one and has 'emphasized that an adverse employment action need not be quantifiable in terms of pay or benefits." Entry on Mot. for Summ. J. at 9 (citing *Atanus v. Perry*, 520 F.3d 662, 677 (7th Cir. 2008)). The fact that Peteet lost on summary judgment because ultimately she could produce no evidence of materially adverse result does not mean that Paul should have known this at the outset of the case. Furthermore, while Paul's insistence on proceeding to summary judgment after Peteet's deposition and his response to Ameritech's motion for summary judgment indicate that he did not fully grasp the facts and the relevant law, these actions are not indicative of the kind of extreme negligence or reckless indifference required for an award of fees.

In addition, Ameritech complains that Paul failed to dismiss the § 1981 claim, which he later admitted he had "inadvertently" included in the Complaint, until nearly a year after the Complaint was filed. In the interim, according to Ameritech, counsel conducted "significant" discovery regarding this claim. Again, while Paul's manner of litigating the case lacks, even by his own admission, a certain degree of precision, his conduct is not so egregious as to warrant a finding of objective bad faith.

3

## IV. CONCLUSION

For the foregoing reasons, Ameritech's motion for attorney fees is **DENIED**.

SO ORDERED: 10/31/2012

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.